# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEVIN DANTE WILEY, #M24132, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv–658−NJR |
| JEFFERY DENNISON, LARRY L. HICKS, DARTANYEN L. CRIM, and DANIEL C. JEFFORDS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Chevin Wiley, an inmate at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Amended Complaint (Doc. 5) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Amended Complaint

In his Amended Complaint (Doc. 1), Plaintiff makes the following allegations: on February 2, 2017, between 5:16 p.m. and 5:35 p.m., Plaintiff was continuously stopped and antagonized for a comment that he was assumed to have made. (Doc. 5, p. 5). Further, while being escorted to segregation, he was assaulted by Larry Hicks. *Id.* Daniel Jeffords and Dartanyen Crim "aided in the repeated taunting and harassing, furthering the issue." *Id.* Further, "Jeffery Dennison hasn't initiated any action to ensure [Plaintiff's] safety even after the situation was sent through the grievance procedure." *Id.* Plaintiff sustained injuries from the incident, including lacerations and bruising on his wrists. *Id.* Plaintiff was not given topical creams or ibuprofen, though he requested them from medical. *Id.* Plaintiff seeks monetary damages. *Id.*

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in

all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Hicks used excessive force on Plaintiff in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when he assaulted Plaintiff on February 2, 2017.
>
> **Count 2 –** Jeffords and Crim taunted and harassed Plaintiff and failed to intervene to stop his assault on February 2, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> **Count 3 –** Dennison has failed to take measures to protect Plaintiff from future mistreatment in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> **Count 4 –** Defendants were deliberately indifferent to Plaintiff's medical needs resulting from the assault on February 2, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Count 1**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the

injury suffered by the prisoner. *Id.* An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was *de minimis*, not whether the injury suffered was *de minimis*); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

The Court cannot weigh the relevant factors here due to the gaps in Plaintiff's account. Plaintiff alleges that he sustained injuries from the alleged assault, but merely being injured by an officer does not state a claim for excessive force. *Hendrickson*, 589 F.3d at 473. Plaintiff does not provide enough detail of what transpired between him and Hicks that led to the officer's use of force. He does not address whether the use of force was legitimate or whether there was a need for the application of force. He also does not describe the extent of his injures. Without more information about the circumstances surrounding his interactions with Hicks, the court cannot determine whether Plaintiff states a plausible excessive force claim given his single, vague allegation that he "was assaulted." (Doc. 5, p. 5).

Plaintiff fails to state a claim for excessive force against Hicks at this time, so Count 1 will be dismissed without prejudice.

## Count 2

The Eighth Amendment does not allow prison officials to stand by while a prisoner is subjected to the unauthorized use of force. Officers have a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This includes a duty to protect inmates from other inmates, as well as a duty to intervene and protect inmates from the unlawful use of force by fellow prison guards.

The same legal standard applies to failure to protect and failure to intervene claims. In both contexts, a plaintiff must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants acted with "deliberate indifference" to that risk. *Farmer*, 511 U.S. at 834; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Deliberate indifference occurs when an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 913.

The allegations in the Amended Complaint fail to provide information connecting Jeffords or Crim with the alleged assault of Plaintiff. He does not claim that they were present when it occurred, nor does he claim that they participated. Further, as noted above, Plaintiff has failed to satisfactorily allege a claim of excessive force based on the assault in general. Plaintiff merely alleges that Jeffords and Crim aided in taunting and harassing him.

"Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). *See also Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").

Plaintiff's Amended Complaint lacks any information that would elevate his claim that Jeffords and Crim harassed him to a claim involving a constitutional deprivation. He does not allege that the harassment caused him physical or psychological harm sufficient to support a

claim for cruel and unusual punishment. He also does not specify what Jeffords or Crim said to him that he found harassing or abusive. Thus, the allegations set forth in the Amended Complaint do not suggest that either Jeffords or Crim personally participated in a deprivation of Plaintiff's constitutional rights. Count 2 will be dismissed without prejudice.

**Count 3**

The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not necessarily create liability. The doctrine of *respondeat superior* does not apply to § 1983 actions, so that in order to be liable, a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Where a defendant has been alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.,* 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Further, a failure by a prison official to properly investigate an attack or respond to a prisoner's grievance—on its own—does not violate the United States Constitution. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635

F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner had no claim for "failure to investigate" a grievance because there was no "protected liberty interest" in having the grievance "resolved to his satisfaction").

Plaintiff complains that Dennison failed to take any protective measures to ensure Plaintiff's safety after he was assaulted, despite a grievance regarding the assault having passed through the grievance procedure. Plaintiff does not allege that Dennison was involved in the original assault or that he directed it or approved of it. Plaintiff also does not allege that he is currently in any immediate danger, or that Dennison is aware of any specific danger currently facing Plaintiff that would render protective measures necessary. Plaintiff similarly does not claim that he was injured as a result of protective measures not having been taken by Dennison. The facts alleged therefore do not state a claim against Dennison, and Count 3 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 4

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) his medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff's Amended Complaint contains insufficient allegations to satisfy either

component of this claim. The allegations do not indicate the extent of the laceration and bruising injuries Plaintiff sustained to his wrist. The allegations also do not provide whether Plaintiff complained about his medical needs to any particular defendant, only that he submitted a "medical request." The Amended Complaint is devoid of allegations suggesting that Plaintiff asked any named defendant for medical care. These vague and conclusory allegations are insufficient to support an Eighth Amendment deliberate indifference to medical needs claim against any of the defendants. Accordingly, Count 4 shall be dismissed without prejudice against all defendants for failure to state a claim upon which relief may be granted.

## Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 5), along with **COUNTS 1**, **2**, **3**, and **4** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JEFFERY DENNISON, LARRY L. HICKS, DARTANYEN L. CRIM**, and **DANIEL C. JEFFORDS** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support an excessive force, harassment, failure to intervene, or deliberate indifference to medical needs claim, within 28 days of the entry of this order (on or before **September 19, 2017**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-658-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's excessive force, harassment, failure to intervene, or deliberate indifference to medical needs claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to an original complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous

pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  August 22, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**